**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**QUAYVON PEOPLES**
**ADC #168492**                                                            **PETITIONER**

**v.**                                 **Case No. 4:20-cv-01484-KGB-JTR**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                    **RESPONDENT**

**ORDER**

Before the Court is a Recommended Disposition ("Recommendation") submitted by
United States Magistrate Judge J. Thomas Ray (Dkt. No. 24). Petitioner Quayvon Peoples filed
objections to the Recommendation (Dkt. No. 25). After careful review of the Recommendation, a
*de novo* review of the record, and a review of the objections, the Court adopts the Recommendation
as its findings in all respects (Dkt. No. 24). The Court also denies Mr. Peoples's motion to amend
evidence and request for an evidentiary hearing (Dkt. Nos. 21; 25, at 17).

>    **I.      Recommendation**

Mr. Peoples raises four claims in his petition for writ of *habeas corpus* (Dkt. No. 2). In the
Recommendation, Judge Ray determined that Mr. Peoples's claims were procedurally defaulted
and that Mr. Peoples has not and cannot establish cause and prejudice or a miscarriage of justice
sufficient to overcome such default (Dkt. No. 24, at 11-12). Next, Judge Ray addressed whether
under *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), and *Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir.
2013), Mr. Peoples's lack of counsel in state post-conviction proceeding could constitute "cause"
for the default of two of his ineffective assistance of counsel claims that were not raised by Mr.
Peoples in his state postconviction petition (Dkt. No. 24, at 12-13). Judge Ray determined that,
with respect to Mr. Peoples's claims that his counsel failed to object that Nurse Odia Russette's

testimony "improperly bolstered" the victim's testimony and that his trial counsel was ineffective for "failing to petition" to force the State to produce Kendrick Mims' confession that Mims had sex with the victim, that these claims were not substantial ineffective assistance of counsel claims and, therefore, *Martinez* does not apply to excuse Mr. Peoples's default of these claims (Dkt. No. 24, at 13-18). Judge Ray recommends that Mr. Peoples's petition for writ of *habeas corpus* be denied and dismissed with prejudice (Dkt. No. 24, at 19). Judge Ray also recommends that the Court deny as moot Mr. Peoples's motion to amend evidence and deny a certificate of appealability (*Id.*).

## II.    Objections

Mr. Peoples objects to Judge Ray's Recommendation on nine grounds. The Court will address each ground on which Mr. Peoples objects in turn.

### A.    Ground One

Mr. Peoples argues that it was ineffective assistance for his counsel to advise him to reject a plea offer of 15 years and to go to trial (Dkt. No. 25, at 2). Mr. Peoples did not raise this claim in his *habeas* petition (Dkt. No. 2). Mr. Peoples did, however, raise this claim of ineffective assistance of counsel in the state postconviction petition that he filed with the trial court under Arkansas Rule of Criminal Procedure 37 (Dkt. No. 13-4, at 2). As Judge Ray notes in his Recommendation, Mr. Peoples failed to appeal timely the denial of his Rule 37 petition, and the Arkansas Court of Appeals declined to hear his belated appeal (Dkt. No. 24, at 11). As a result, this ineffective assistance of counsel claim is procedurally defaulted (*Id.*). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a prisoner must present each of his *habeas* claims through "one complete round of the State's established appellate review process"); *Thomas v. Payne*, 960 F.3d 465, 472 (2020) (procedural default occurs when "a state court decline[s] to hear [a claim]

because the prisoner failed to abide by a state procedural rule."). Judge Ray found that Mr. Peoples has not established "cause" for the default (Dkt. No. 24, at 12). Judge Ray notes that prejudice need not be addressed if no cause has been shown (Dkt. No. 24, at 12, n. 2). Mr. Peoples's objections largely reiterate the arguments made in his Rule 37 petition (Dkt. No. 25). None of Mr. Peoples's arguments constitute cause sufficient to overcome the procedural bar. Accordingly, the Court concludes that Mr. Peoples has procedurally defaulted his claim that counsel was ineffective in advising him during the plea process.

### B.      Ground Two

Mr. Peoples objects that his counsel was ineffective for failing to object to testimony from Lisa Grant, the victim A.J's mother, regarding his criminal history or what Mr. Peoples refers to as "prior acts of misconduct" (Dkt. No. 25, at 3). Mr. Peoples claims that his counsel should have moved to strike Ms. Grant's testimony, elicited by his counsel on cross-examination, that Mr. Peoples had "been arrested quite a few times." (Dkt. No. 25, at 4). Mr. Peoples raised this claim in his *habeas* petition. Judge Ray found that Mr. Peoples procedurally defaulted this claim when he failed to appeal the trial court's denial of his Rule 37 petition (Dkt. No. 24, at 13).

Mr. Peoples's objections to Judge Ray's Recommendation reiterate the arguments he made in his petition (Dkt. No. 25, at 4). The Court has reviewed the cases Mr. Peoples cites to support this objection (Dkt. No. 25, at 4). The cases relate to his claim that his counsel was ineffective for failing to object to the evidence presented at trial. The cases do not support that some objective factor, external to Mr. Peoples's defense and not fairly attributable to him, impeded him from raising his claims in state court or from complying with the state's procedural rules. *See Stone v. State*, 258 S.W. 2d 116 (Ark. 1924); *Alford v. State*, 266 S.W. 2d 804 (Ark. 1954); *Hobbs v. State*,

641 S.W.2d 9 (Ark. 1982).  Accordingly, Mr. Peoples's arguments are insufficient to overcome his procedural default of this claim.

C.      <strong>Ground Three</strong>

Mr. Peoples objects to "various witness testimony that improperly bolstered the victim[']s credibility." (Dkt. No. 25, at 5).  Mr. Peoples points to testimony from Ms. Grant and Detective Brett Gaitlin, who testified that following the investigation, he sat down with Ms. Grant to establish a timeline of the abuse.  Detective Gaitlin testified that he executed a probable cause affidavit on which a judge issued an arrest warrant for Mr. Peoples's arrest (Dkt. No. 13-9, at 266-68).  On cross examination, defense counsel questioned Detective Gaitlin about the evidence supporting the probable cause affidavit.  Detective Gaitlin stated that there were two eyewitnesses to the allegations:  Kendrick Mims and J.G. (*Id*., at 270).   Because the trial judge had ruled pre-trial that the parties could not bring up any allegations of sexual contact between A.G. and Mr. Mims, when defense counsel questioned Detective Gaitlin about pending rape charges against Mr. Mims, the State's attorney objected, and a sidebar occurred.

Judge Ray concludes that four details about Mr. Mims's confession can be gleaned from the sidebar discussion:  (1) Mr. Mims initially denied having sexual intercourse with A.G., both during an interview by Detective Gaitlin and in a handwritten note; (2) during a second interview with Detective Gaitlin, Mr. Mims admitted to having sex with A.G.; (3) Mr. Mims stated that Mr. Peoples was also present when he had sex with A.G.; and (4) Mr. Mims witnessed Mr. Peoples having sex with A.G. (Dkt. No. 24, at 16-17).  Nothing in Mr. Peoples's objections to the Recommendation or in the record persuades this Court to reject Judge Ray's conclusions.  With these details in mind, the Court turns to Mr. Peoples's specific objections in ground three.

1.      <strong>Ms. Grant's Testimony</strong>

4

Mr. Peoples objects that his counsel failed to object to Ms. Grant's testimony because it improperly bolstered the victim's testimony (Dkt. No. 15, at 5-7). Ms. Grant testified on direct examination as follows:

> Q. And if there was a discussion about her change in behavior, would that have been over these text messages between you and A.G.
>
> A. Either over text messages or conversation we may have had when I made it back to Texarkana.

(Dkt. No. 13-4, at 4-5). Mr. Peoples claims that, in this testimony, Ms. Grant offered inadmissible opinion testimony on the credibility of the victim (Dkt. Nos. 13-4, at 5; 25, at 5-7).

Mr. Peoples raised this claim in his Rule 37 petition (Dkt. No. 13-4, at 4-5). As Judge Ray notes in his Recommendation, Mr. Peoples failed to appeal timely the denial of his Rule 37 petition, and the Arkansas Court of Appeals declined to hear his belated appeal (Dkt. No. 24, at 11). As a result, this ineffective assistance of counsel claim is procedurally defaulted (*Id.*). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a prisoner must present each of his *habeas* claims through "one complete round of the State's established appellate review process"); *Thomas v. Payne*, 960 F.3d 465, 472 (2020) (procedural default occurs when "a state court decline[s] to hear [a claim] because the prisoner failed to abide by a state procedural rule."). Judge Ray found that Mr. Peoples has not established "cause" for the default (Dkt. No. 24, at 12). Judge Ray notes that prejudice need not be addressed if no cause has been shown (Dkt. No. 24, at 12, n. 2).

The Court has reviewed the cases cited by Mr. Peoples (Dkt. No. 25, at 6). The cases relate to his claim that his counsel was ineffective for failing to object to the testimony presented at trial. The cases do not support that some objective factor, external to Mr. Peoples's defense and not fairly attributable to him, impeded him from raising his claims in state court or from complying

with the state's procedural rules.   Accordingly, Mr. Peoples's arguments are insufficient to overcome his procedural bar of this claim.

### 2.      Statement Of Kendrick Mims

Mr. Peoples also argues in ground three that his counsel "failed to object to the admission into evidence of the undisclosed 2ⁿᵈ (second) statement of Kendrick Mims's confession because Appellant was not made aware of [Mims's] confession by counsel nor the State, and was blindsided by the admission." (Dkt. No. 25, at 7).   Presumably Mr. Peoples maintains that Mr. Mims's statement "bolsters" the credibility of the victim because Officer Gaitlin testified that Mr. Mims was one of the eye witnesses whose account supported the allegations in his probable cause affidavit.   Mr. Peoples did not raise this ineffective assistance of counsel claim in his *habeas* petition (Dkt. No. 2).[1]   Mr. Peoples did, however, raise this claim of ineffective assistance of counsel in his Rule 37 petition where he argued "that counsel failed to object to the admission into evidence of the undisclosed statement of Kendrick [Mims's] confession for which the State surprise blindsided Petitioner."  (Dkt. No. 13-4, ¶ 25).

As Judge Ray notes in his Recommendation, Mr. Peoples failed to appeal timely the denial of his Rule 37 petition, and the Arkansas Court of Appeals declined to hear his belated appeal (Dkt. No. 24, at 11).   As a result, this ineffective assistance of counsel claim is procedurally defaulted (*Id.*).  *See O'Sullivan*, 526 U.S. at 845; *Thomas*, 960 F.3d at 472.  Judge Ray found that Mr. Peoples has not established "cause" for the default and that prejudice need not be addressed if no cause has been shown (Dkt. No. 24, at 12, n. 2).   Mr. Peoples's objections largely reiterate the arguments made in his Rule 37 petition (Dkt. No. 25).   The Court reiterates that Mr. Mims's

---

[1] Mr. Peoples raises a slightly different claim in claim four of his *habeas* petition, that trial counsel was ineffective for failing to petition to have the State produce Kendrick Mims' admission that he had sex with A.G. (Dkt. Nos. 2, at 10; 11; 24, at 11).

confession was not admitted into evidence at trial and is not part of the record before the Court. Accordingly, Mr. Peoples's arguments are insufficient to overcome his procedural bar of this claim.

> **D.      Ground Four**

In ground four, Mr. Peoples objects that his counsel failed to make or renew a motion for directed verdict on proper grounds to preserve appeal (Dkt. No. 25, at 11).  Mr. Peoples did not raise this claim in his *habeas* petition, but he raised this claim in his Rule 37 petition (Dkt. No. 13-4, at 1).  Mr. Peoples failed to appeal timely the denial of his Rule 37 petition, and the Arkansas Court of Appeals declined to hear his belated appeal (Dkt. No. 24, at 11).   As a result, this ineffective assistance of counsel claim is procedurally defaulted (*Id.*).  *See O'Sullivan*, 526 U.S. at 845; *Thomas*, 960 F.3d at 472.  Judge Ray found that Mr. Peoples has not established "cause" for the default , and prejudice need not be addressed if no cause has been shown (Dkt. No. 24, at 12 and n. 2).  Mr. Peoples's objections reiterate his argument that defense counsel was ineffective for failing to make a record as to Officer Gaitlin's lack of probable cause to arrest him based on Mr. Mims's statement of denial of any sexual activity with the victim (Dkt. No. 25, at 11).  Mr. Peoples also argues that there was "insufficient evidence of forcible compulsion to sustain Appellant's conviction of rape by deviate sexual conduct, and conviction should have been challenged on a Lesser offense of carnal abuse in the third degree, because the testimonies provided no injuries and was not shown to cause by force used to compel victim to submit to act" (*Id.*).   The Court has considered the arguments and the cases cited by Mr. Peoples in his objections, and the Court concludes that none of Mr. Peoples's arguments constitute cause sufficient to overcome the procedural bar.  Accordingly, Mr. Peoples's arguments are insufficient to overcome his procedural bar of these claims.

### E.   Ground Five

Mr. Peoples objects that his counsel failed to endorse character witnesses and again argues that his counsel was ineffective for failing to advise him to take the 15 year plea offer because he "assumed the law [was] in his favor to win" (Dkt. No. 25, at 11).  Mr. Peoples raised his claim regarding his counsel's failure to endorse character witnesses in his *habeas* petition, and Judge Ray addressed this argument in his Recommendation (Dkt. Nos. 2, at 8; 24, at 13-14).  Mr. Peoples's objections reiterate the arguments made in his *habeas* petition and break no new ground. Further, the Court has already addressed Mr. Peoples's claim that his counsel was ineffective for failing to advise him to take a plea offer instead of going to trial.  As the Court stated earlier in this Order, none of Mr. Peoples's arguments related to his counsel's advice during the plea process constitute cause sufficient to overcome the procedural bar.  Accordingly, Mr. Peoples's arguments are insufficient to overcome his procedural bar of these claims.

### F.   Ground Six

Mr. Peoples objects that his lawyer failed to impeach properly witness J.G. with text messages that J.G. sent to Mr. Peoples saying that he knew Mr. Peoples didn't do anything with A.G. (Dkt. No. 25, at 13).  Mr. Peoples did not raise this argument in his *habeas* petition, and he did not raise it in his Rule 37 petition.  Accordingly, the issue before the Court is whether the ineffective assistance of counsel claim is a substantial claim that falls within the *Martinez* exception to procedural default.  In order to be a "substantial" and meritorious ineffective assistance of counsel claim, a *habeas* petitioner must demonstrate that the claim has "some merit." *See Martinez,* 566 U.S. at 14.  For an ineffective assistance of counsel claim to have merit, a petitioner must establish that his attorney's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms," and that the "professionally

unreasonable" conduct of counsel "prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687–88, 691–92 (1984).  Prejudice is established if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.

Mr. Peoples points to the following exchange during his counsel's cross examination of J.G. to support his argument that counsel was ineffective:

> Q.      So, there's no real way for me to test your story with any other testimony, is there?
>
> A.      No.
>
> Q.      Other than your prior inconsistent statements that say he didn't do anything?
>
> A.      Yes.
>
> Q.      You were prepared to testify on your brother's behalf, weren't you?
>
> A.      What do you mean?
>
> Q.      Well, back when you came to talk to me, weren't you coming to say that . . .
>
> A.      . . . Yeah. . .

(Dkt. Nos. 25, at 14; 13-10, at 71).

The testimony above indicates that Mr. Peoples's counsel cross-examined J.G. regarding his prior statement that Mr. Peoples did not "do anything" with the victim.  Based on counsel's cross examination of J.G., the Court concludes that Mr. Peoples' ineffective assistance of counsel claim is not substantial.  Mr. Peoples has not pointed to evidence from which this Court can find that *Martinez* excuses Mr. Peoples's procedural default of this claim in order for it to be reviewed or decided by this Court.

### G.      Ground Seven

Mr. Peoples objects that his counsel was ineffective for not objecting to the testimony of Nurse Russette who bolstered the credibility of the victim by stating that the findings from the physical examination were consistent with sexual abuse history provided by the victim (Dkt. No. 25, at 14-15).   Mr. Peoples raised this same claim in his *habeas* petition, and Judge Ray addressed this claim in his Recommendation and found that the claim was procedurally defaulted (Dkt. Nos. 2, at 7; 24, at 13-14).   Mr. Peoples's objections reiterate the arguments he made in his *habeas* petition and break no new ground.   Accordingly, Mr. Peoples's arguments are insufficient to overcome his procedural bar of this claim.

### H.      Ground Eight

Mr. Peoples states that Kaleigh Dodson, a forensic expert, testified on cross-examination that she had no personal knowledge that Mr. Peoples had any relationship, illicit or otherwise with A.G. (Dkt. No. 25, at 15).   Mr. Peoples states that "[b]ased on both experts witness testified that Mr. Peoples didn't do nothing and also consistent with nothing ever happen[ed]." (Dkt. No. 25, at 16).   Mr. Peoples does not make clear how Ms. Dodson's testimony relates to any claim that he wishes to make or any objection to Judge Ray's Recommendation.   Ms. Dodson was an expert witness who testified generally about the process of interviewing children that report sexual abuse (Dkt. No. 13-10, at 103-120).   Ms. Dodson did not interview A.G. or Mr. Peoples (Dkt. No. 13-10, at 111, 117).   Mr. Peoples has not pointed to evidence sufficient to overcome the procedural default of his claims.

### I.      Ground Nine

Mr. Peoples objects that "Mr. Craytor" was "ineffective with my appeal," and Mr. Peoples claims that he explained everything to the "unprofessional board of conduct" who found his

counsel "guilty on several rule violations." (Dkt. No. 25, at 16-17).  Mr. Peoples was represented by Eric Moore on appeal, and Mr. Peoples did not raise any ineffective assistance of appellate counsel claim in his Rule 37 or his *habeas* petitions (Dkt. Nos. 2; 13-1; 13-4).  The Court concludes that Mr. Peoples's claim that Mr. Craytor was ineffective with his appeal is not substantial.  Accordingly, Mr. Peoples's arguments are insufficient to overcome his procedural bar of this claim.

## IV.     Conclusion

For these reasons, the Court adopts Judge Ray's Recommended Disposition as its findings in all respects (Dkt. No. 24).  The Court denies Mr. Peoples's claims for relief in his petition for writ of *habeas corpus* and dismisses with prejudice the petition (Dkt. No. 2).  Having denied Mr. Peoples's claims for relief over his objections, the Court also denies Mr. Peoples's motion to amend evidence and request for an evidentiary hearing (Dkt. Nos. 21; 25, at 17).  Further, the Court concludes that Mr. Peoples is not entitled to a certificate of appealability because he has not made a substantial showing of a denial of a constitutional right.  *See* 28 U.S.C. § 2253(c).

It is so ordered this 30th day of March, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge